FILED
Jun 30, 2026
11:52 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **AMEL HANA,**<br>          **Employee**, | **Docket No. 2023-06-7146** |
| **v.** | |
| **ROSS STORES, INC.,**<br>          **Employer**, | **State File No. 37372** |
| **and** | |
| **ARCH INDEMNITY INS. CO.,**<br>          **Carrier**. | **Judge Joshua D. Baker** |

## COMPENSATION ORDER

At a June 16, 2026 compensation hearing, Ms. Hana requested permanent partial disability, temporary disability, and future medical benefits. Because she retained 2% permanent impairment and returned to work for Ross, the Court grants an original award of permanent partial disability but denies increased benefits. Since she was not out of work long enough for temporary total disability, and Ross offered work within her restrictions, she is not entitled to temporary total or temporary partial disability benefits. However, she is entitled to future medical benefits.

### Claim History

On May 15, 2023, shelving fell on Ms. Hana's neck and upper back. Ross authorized treatment, and she returned to restricted duty seven days later.

Ms. Hana worked light duty for nearly three months, from May 23 until August 11. Her restrictions included "no lifting greater than 25 pounds" and instructions to "limit continuous bending[,] stooping[,] and twisting." According to Ms. Hana's testimony, she earned very little while on restrictions. This was because her manager sent her home when she complained of pain or refused to do tasks she said the doctor had forbidden, like moving her hands up and down and twisting.

1

On August 11, Dr. Christopher Kauffman released her to full duty. After reviewing MRIs of her lumbar and thoracic spine, he noted no acute injuries in those areas, observing only age-related degenerative changes. But an MRI of her cervical spine had shown a work-related disc herniation.

So, Ms. Hana saw Dr. Tarek Elalayli, who believed she had a work-related neck strain and had reached maximum recovery on March 14, 2024, with 2% impairment. He placed no permanent restrictions and noted she "underwent a cervical ESI without improvement," but that the work injury showed "no indication for surgery" or further treatment.

When Ms. Hana challenged Dr. Kauffman about releasing her when she was still in pain, he referred her to Dr. Jeffrey Hazlewood. After examining her, Dr. Hazlewood completed a C-32 form stating she was at maximum recovery for work-related strains and contusions to her back and neck. He found she had no permanent impairment or need for work restrictions, and he also recommended no additional treatment.

### Findings of Fact and Conclusions of Law

Ms. Hana has the burden of proving every element of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2025).

*Permanent Partial Disability*

Dr. Elalayli's 2% rating is the sole expert proof that Ms. Hana has a permanent impairment, as Dr. Hazlewood believed she had none. While Ms. Hana disagreed, she offered no contrary proof. So, the Court finds she has 2% impairment, and her original award of permanent partial disability benefits is $1,513.35 (2% of 450 weeks, or nine weeks, multiplied by the minimum compensation rate of $168.15). *Id.* § 50-6-207(3)(A).[1]

If an employee has not returned to work at equal or greater wages by the end of the initial compensation period, she may be entitled to increased benefits. *Id.* § 50-6-207(3)(B).

---

[1] The wage statement listed Ms. Hana's weekly compensation rate as $167.62.

Here, Ms. Hana acknowledged she returned to work and offered no proof she is earning less than she was before her accident. Thus, the Court denies increased benefits.

*Temporary Disability Benefits*

Under Workers' Compensation Law, two types of temporary disability benefits compensate an employee who is disabled from working by a work injury—temporary total disability and temporary partial disability.

Temporary total disability applies when an employee is taken off work due to a work injury. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). However, under section 50-6-205(a), "No compensation shall be allowed for the first seven (7) days of disability resulting from the injury, excluding the day of injury[.]" Because she returned to work within seven days of her injury, Ms. Hana is not entitled to temporary total disability.

Temporary partial disability applies when an employee is not totally disabled from work but is restricted due to a work injury. *Jones,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48 at *7. When the treating physician has restricted an employee's work before maximum recovery and the employer cannot accommodate those restrictions for a sufficient number of hours or pay, the injured worker may be eligible for temporary partial disability. *Id*. at *8.

Here, Ms. Hana testified that she could not work without pain, implying that the doctor's restrictions were insufficient, not that Ross failed to accommodate them. At most, she said light duty required twisting or bending that the doctor prohibited. However, documentary evidence showed the doctor simply *limited* certain *continuous* movements. Due to insufficient proof that Ross failed to accommodate her restrictions, Ms. Hana is not entitled to temporary partial disability benefits.

**It is ORDERED as follows**:

1. Ross shall pay Ms. Hana permanent partial disability benefits of $1,513.35.

2.  Increased permanent partial disability under section 50-6-207(B) is denied.

3. Ms. Hana's claim for temporary disability benefits is denied.

4. Ross shall furnish reasonable, necessary, and work-related future medical

benefits with Ms. Hana's authorized treating physicians under section 50-6-204.

5. The Court taxes the $150.00 filing fee to Ross, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2026) within five business days, and for which execution might issue.

6. Ross shall file a Statistical Data Form (SD-2) with the Court Clerk within ten days of the date this order becomes final.

7. Unless appealed, this order becomes final 30 days after entry.

**ENTERED June 30, 2026.**


_____
**JUDGE JOSHUA D. BAKER**
**Court of Workers' Compensation Claims**


## APPENDIX

*Exhibits:*

1. Wage Statement
2. Form C-32 of Dr. Tarek Elalayli, with attachments
3. Form C-32 of Dr. Jeffery Hazlewood, with attachments
4. Choice of Physicians forms
5. Dr. Christopher Kauffman's restrictions for Ms. Hana dated June 23, 2024
6. Medical record from Dr. Christopher Kauffman dated June 23, 2024, and titled "Patient Care Summary"

4

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on June 30, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Amel Hana, Employee | X | ███████████████ |
| Gabi Jackson, Heather Douglas Employer's Attorneys | X | gjackson@manierherod.com <br> hdouglas@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*